## BLUMENTHAL v. COMMERCIAL BANK OF ST. AUGUSTINE et al.

(District Court, S. D. Florida.    July 21, 1924.)

No. 1901.

**1. Banks and banking ⬡112—Corporation liable for tort of officer acting within the scope of his authority.**

The declaration in an action against a bank and one of its officers, which alleges the felonious stealing of property of plaintiff, and that the individual defendant, acting as such officer and within the scope of his employment, aided and abetted such stealing, *held* to state a cause of action against both defendants.

**2. Banks and banking ⬡221—Bank and officer held properly joined in action for tort.**

A bank and one of its officers *held* properly joined in an action charging both with liability for an act of the officer alleged to have been committed while acting for the bank and within the scope of his authority.

At Law.   Action by Marcus H. Blumenthal against the Commercial Bank of St. Augustine and A. E. Baya.   On demurrers to declaration.   Overruled.

George M. Powell, of Jacksonville, Fla., for plaintiff.

MacWilliams & Perry and E. Noble Calhoun, all of St. Augustine, Fla., for defendants.

CALL, District Judge.   This cause comes on for hearing upon demurrers filed by the defendants severally.   The declaration, after alleging the organization, etc., of the bank, alleges that its codefendant Baya was cashier and vice president of the bank.

The first count alleges that certain persons feloniously stole certain property from the plaintiff, and that Baya, in his capacity of cashier and vice president of the bank, and while acting as such and within the scope of his employment, with felonious intent, aided and abetted said parties to commit the felony.   It further alleges that the said Baya was a dishonest person, which fact was known to the officers and directors of the bank, and with said knowledge he was retained in said position.   The second count alleges virtually the same facts as the first in regard to the felony, and then alleges that certain persons formed a conspiracy to accomplish the larceny, and that said Baya in his capacity of cashier and vice president of the bank, and while acting as such and within the scope of his employment, joined said conspiracy and aided and abetted in the consummation of the same. The allegations of the character of Baya and knowledge of same by the officials of the bank are repeated.

Demurrers by each of the defendants were severally interposed.   It seems clear to me that the demurrer of Baya is not well taken.   If the facts set forth in either count of the declaration are true, unquestionably Baya is responsible.

[1] The main question, as I understand it, in the demurrer of the bank, is:   Is the bank responsible for the acts of its agent, as alleged in the counts of the declaration? The declaration alleges that the acts of the cashier and vice president were done as such and while acting as such in the scope of his employment.   This is the criterion by which the responsibility of the bank is to be tested.   If he was acting for the bank, the bank is responsible; if he was not, but acting for himself outside of the scope of his employment, and not as an official of the bank, the bank is not responsible.

In National Bank v. Graham, 100 U. S. 702, 25 L. Ed. 750, the court says:   "An action may be maintained against a corporation for its malicious or negligent torts, however foreign they may be to the object of its creation or beyond its granted powers."   And in Stewart v. Wright, 147 Fed. 327, 77 C. C. A. 505, Judge Hook says: "While a corporation has no brain to contrive, no tongue to deceive, and no hands with which to strike, it employs in its service the brains and tongues and hands of others, and as it can only operate through natural persons, there is, as there logically should be, a correlative responsibility for the acts of those persons in the course of the corporate business and of their employment, and for any malicious and evil intent with which such acts are attended." It is a question of proof.   The pleading is sufficient.

[2] Nor do I think there is objection to joining the officer and the bank in the same suit.

The demurrers will be overruled.